UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Chapter 11

RSI ASSOCIATES, INC.                                                    BKY 15-30533

Debtor.

_____

NOTICE OF EXPEDITED HEARING ON
MOTION TO DISMISS OR CONVERT

_____

TO:     The debtors, all creditors and other parties in interest:

An expedited motion has been filed by the United States Trustee to dismiss or convert to chapter 7   the above-captioned case.

The expedited motion will be heard by the Honorable Gregory F. Kishel, Chief U.S. Bankruptcy Judge, at 11:00 a.m. on Tuesday, March 10, 2015, in Courtroom No. 2A, Warren E. Burger Federal Building and United States Courthouse, at 316 North Robert Street, Saint Paul, MN 55101.

Although responses are due no later than March 5, 2015, which is five days before the time set for the hearing, including Saturdays, Sundays, and holidays, see Fed.R.Bankr.P. 9006 and Loc. R. Bankr. P. 9006-1(c), the U.S. Trustee, as movant, will not object to any responses filed 24 hours prior to the scheduled hearing.  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

Dated: _____          CLERK OF BANKRUPTCY COURT

                                                     By:     _____
                                                             Deputy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

Chapter 11

RSI ASSOCIATES, INC.                                     BKY 15-30533

Debtor.

---

NOTICE OF EXPEDITED HEARING AND
MOTION TO DISMISS OR CONVERT CASE

---

TO:     The debtors and other entities specified in Local Rule 9013-3.

1.   Daniel M. McDermott, the United States Trustee, by his undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

2.   The U.S. Trustee seeks an expedited hearing and an order either dismissing the case or converting the case to one under chapter 7 pursuant to 11 U.S.C. §1112(b)(4).

3.   The motion will be heard by the Honorable Gregory F. Kishel, Chief U.S. Bankruptcy Judge, at 11:00 a.m. on Tuesday, March 10, 2015, in Courtroom No. 2A, Warren E. Burger Federal Building and United States Courthouse, at 316 North Robert Street, Saint Paul, MN 55101.

4.   Although responses are due no later than March 5, 2015, which is five days before the time set for the hearing, including Saturdays, Sundays, and holidays, as provided for in Fed.R.Bankr.P. 9006 and Loc. R. Bankr. P. 9006-1(c), the U.S. Trustee, as movant, will not object to any responses filed 24 hours prior to the scheduled hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

5.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, FED. R. BANKR. P. 5005 and Local Rule 1070-1.   The United States Trustee has standing to file this motion pursuant to 28 U.S.C. §586(a) and 11 U.S.C. §307.   This matter constitutes a core proceeding.

6.    This case was commenced by the filing of a petition for relief under chapter 11 on February 19, 2015. The case is now pending before this court.

7.    This motion arises under 11 U. S. C. §1112(b) and FED. R. BANKR. P. 1017 and 2002.   This motion is filed under FED. R. BANKR. P. 9014 and Local Rules 9013-1 through 9013-3.   Movant requests that this case be dismissed or converted to chapter 7.

8.    Pursuant to 11 U.S.C. §1112(b), the Court may dismiss or convert a chapter 11 case for cause after notice and a hearing.   Section 1112(b)(4) states that cause for dismissal or conversion to chapter 7 includes, among other things:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by this    title or by any rule applicable to a case under this chapter;
(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee . . . .
(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court,
(K) failure to pay any fees or charges required under chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144 ;
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligations that first becomes payable after the date of the filing of the petition.


FACTS

9.     The debtor, RSI Associates, Inc., a/k/a Restoration Specialists, Inc. Associates, was previously engaged in the business of providing construction services to governmental agencies and entities, including entities such as the Metropolitan Council, the Minnesota Valley Transit Authority, the City of Hastings, etc.

10.     In the conduct of its business with various governmental entities, the debtor was required to post surety bonds.   One such bond was required of the debtor by the Metropolitan Council and on information and belief, the debtor purported to provide such a bond prior to the commencement of this bankruptcy case.

11.     The bond provided by the debtor to get the job with the Met Council turned out to be fraudulent.   Attached hereto as Exhibit A is a true and correct copy of a February 12, 2015, letter from CNA Surety to the director of the Metropolitan Council establishing that the bond provided by the debtor was fraudulent.   On information and belief, the debtor cannot conduct business with the Metropolitan Council without an appropriate performance bond, and the debtor's work for the Metropolitan Council has now been halted.   As a result of the cessation of that work, there are a number of subcontractors to the debtor who remain unpaid.

12.     Similarly, the debtor was, on information and belief, under contract with the City of Hastings which likewise required that the debtor maintain bond coverage for its job.   The City of Hastings likewise halted its work with the debtor on a riverfront revitalization project. See: http://www.startribune.com/local/south/294917641.html, (last accessed March 4, 2015).

13.     The debtor similarly had a contract for work with the Minnesota Valley Transit

Authority which had not yet commenced and which will now not commence, given the absence

of a bond.

14.     On further information and belief, Gerard Leonard Roy, a co-owner of the debtor,

was criminally charged with forgery as a result of the purportedly forged bonds.     See

http://www.startribune.com/local/south/295090101.html, (last accessed March 5, 2015).

15.     On information and belief, based on representations to the undersigned by debtor's

counsel, the debtor is not now engaged in any construction work for any customers,

governmental or otherwise, and the debtor does not intend to find and start new contracts in the

future.    In any event, it appears that the debtor's prior bonding problems will preclude it from

obtaining any work in the future, since it will now be unable to obtain legitimate bonding going

forward.    Accordingly, the debtor's prospects for reorganization under chapter 11 are

non-existent.

16.     Also, the debtor has not yet filed a complete set of bankruptcy schedules or

statements.    The remaining unfiled schedules and statements were due on March 5, 2015, and

have not been filed.    On information and belief, and based on conversations between the

undersigned and debtor's counsel, the debtor's president, Ms. Loraine M. Schweich, is not

cooperating with counsel and is not intending to complete the preparation of the bankruptcy

schedules and statements.    Likewise, the §341(a) meeting of creditors is now set for March 17,

2015, and it is not expected that the debtor's president will appear and testify.

17.     As a result of the allegedly fraudulent bonds and the pending criminal charges,

numerous governmental agencies and entities are now in a position of not knowing the status of

the debtor, their contracts with the debtor, any relationships with the debtor's subcontractors, the

prospects for completing any pending jobs, and the likelihood of the debtor performing on any

contract job.    As time goes on, the problems compound, both from the added costs of delay,

plus the added risk that additional time will prevent contracting governmental agencies from

addressing and resolving their pending work projects.

## MOTION TO DISMISS OR CONVERT

18.    Cause exists to immediately dismiss this case or to convert it to one under chapter

7. Cause is based on the ongoing losses to and diminution of the estate, an absence of any

reasonable likelihood of rehabilitation, and an inability to effectuate a plan. Cause is also based

on gross mismanagement and incompetence in the operation of the debtor's business prior to the

commencement of the case.

19.    The Debtor has virtually no chance of rehabilitation under chapter 11.    It is out

of business and has no prospect of future business given its inability get bonding or new

construction jobs in the future.    Accordingly, there are ongoing losses to the estate arising out of

the costs of being in chapter 11 while simultaneously, there is a complete absence of any

likelihood of rehabilitation.    Hence, cause exists to convert or dismiss under 11 U.S.C.

§1112(b)(4)(A).

20.    In addition, cause exists to convert based on the fact that the Debtor's officer is

facing criminal charges.    The existence of the criminal charges makes it impossible for the

debtor's officer to put the interests of the debtor first, as they are required to do as a fiduciary

debtor in possession. The inability to perform the debtor in possession's fiduciary duties under

§1107 constitute additional cause to immediately convert or dismiss the case.

21.    Also, cause to convert or dismiss is based on the debtor's gross mismanagement of

its business.    The gross mismanagement occurred prior to the commencement of the case, when

the debtor allowed the allegedly fraudulent bonds to be used to obtain the work from the

governmental agencies. Such conduct establishes that the debtor, under its current management,

will not be able to go forward with its chapter 11 case and propose a reorganization plan in good

faith, as required by the bankruptcy code.    That gross mismanagement is additional cause to

convert or dismiss under 11 U.S.C. §1112(b)(4)(B).

22.    Further cause exists under §1112(b)(4)(C), which requires that a debtor maintain

"appropriate" insurance for the operation of its business.    The surety provided by performance

bonds insures the debtor's customers of the debtor's performance and protects them from facing

multiple claims arising from, *inter alia*, unpaid subcontractors.    The debtor has also failed in

this regard and that failure, and the associated lack of insurance protection, is further cause for

conversion or dismissal.

23.    Finally, cause exists because the debtor has failed to meet the requirement of

getting its bankruptcy schedules and statements filed within 14 days, as required by Fed. R.

Bankr. P. 1007(c).    There has been no request by the debtor for an extension of that deadline.

The failure to comply with the schedule filing requirements is additional cause for dismissal or

conversion.

<u>Request for Expedited Hearing</u>

24.    The U.S. Trustee requests that the court hear this matter on an expedited basis.

The United States Trustee filed and served this motion by mail on Thursday, March 5, 2015, to the

entities on the attached service list.    That service list consists of all creditors on the matrix.    In

addition, counsel for the debtor, Lynn Wartchow, was put on notice by a phone call and email of

the motion on that same date.

25.     The exigency to hear this motion is due to the numerous governmental agencies and entities which are presently in limbo.   They have unbonded contracts with the debtor at a time when the debtor's officers are facing criminal charges and appear to be unresponsive and unwilling to go forward with the bankruptcy case.   A delay for a fully noticed hearing would cause further delay in governmental construction projects at possibly great loss to the agencies and municipalities involved.     Conversely, there is no prejudice to the debtor by hearing this on an expedited basis, since the debtor is not now engaged in any ongoing construction operations, and at least one of its officers is, and will for the foreseeable future be defending himself against criminal charges.

26. Further, and most importantly, given the debtor in possession's prior history of mismanaging the bonding issues, every day that current management remains in control of Debtor's assets increases the likelihood that further mismanagement will occur at what could be a substantial cost to the public.   Accordingly, time is of the essence.

27.     The United States Trustee served this motion on the Debtor and its counsel as shown on the attached certificate of service.     The service list comprises of all creditors on the debtor's matrix, as well as the debtor itself and its attorneys.


<u>Conclusion</u>

28.      The U.S. Trustee has not yet determined whether dismissal is a better alternative or whether conversion to chapter 7 is more appropriate.     The U.S. Trustee will make such a recommendation at the hearing on this motion.     Considerations include the fact that the bankruptcy schedules and statements have not been filed and the debtor's officers now appear to be uncooperative with counsel in furthering the case.   Conversely, conversion would provide an

independent fiduciary to take control of what remains of the debtor's business and provide

finality for its customers, but it remains unknown whether there are any assets of the debtor to

liquidate.

29.    Based on the foregoing, cause exists to either dismiss or convert this case to chapter

7 under 11 U.S.C. §1112(b).    The court should grant an expedited hearing and should

immediately order either conversion to chapter 7 or the dismissal of the case.

30. The Debtor is not a persons described in 11 U.S.C. §1112(c).    The Debtors is

qualified to be a debtor under chapter 7.

        WHEREFORE, the United States Trustee moves the court for an expedited hearing.

The U.S. Trustee further requests that the court immediately enter and order either converting

this case to chapter 7, dismissing the case, or for such other relief as may be just and equitable.

.

Dated: March 5, 2015                     DANIEL M. McDERMOTT
                                         United States Trustee
                                         Region 12

                            By:          s/  Michael R. Fadlovich
                                         MICHAEL R. FADLOVICH
                                         Trial Attorney
                                         MN Attorney I.D. No. 158410
                                         1015 U.S. Courthouse
                                         300 South Fourth Street
                                         Minneapolis, MN   55415
                                         (612) 334-1350

# Exhibit A



333 South Wabash
41st Floor
Chicago, IL 60604

**Cathleen M. Jareczek**
**Bond Counsel**
**Surety – Legal**
Telephone: 312-822-5045
E-mail: Cathleen.Jareczek@cnasurety.com
Internet:   www.cnasurety.com

February 12, 2015

**Sent via email to** micky.gutzmann@metc.state.mn.us **& U.S. Mail**

Mr. Micky Gutsmann, Director
Metropolitan Council
390 North Robert Street
St. Paul, MN 55101

     Re:    *Fraudulent Western Surety Company Bonds No. 291756802*
              Project: "Heywood Office Building Façade Renovations"
              Your project number: 13P277A

Dear Mr. Gutsmann:

I am counsel to Western Surety Company ("Western Surety") and am responding to your email inquiry of today's date. The bonds attached to your email are not genuine Western Surety Company bonds. There is no bond number listed on the face of the bond as is our custom and practice. The bond number listed on the Powers of Attorney for the fraudulent bonds (numbered 291756802) is not a Western Surety bond number and Attorney-in-Fact Dale E. Clark, who allegedly executed the bonds on May 27, 2014, passed away on January 11, 2014.

Because of forgery, alteration and other reasons, we must advise you not to rely on the Performance Bond and the Labor and Material Payment Bond for any reason. They are not valid instruments and neither Western Surety nor any other writing company for which CNA Surety is a trademark would honor any of the obligations set forth in them.

Western Surety hereby reserves any and all rights it may have in regard to the Bonds, including the right to deny liability for any claims on the Bonds by any person and/or entity.

Very truly yours,

Cathleen M. Jareczek

*Enclosures*

RSIHeywoodOfficefraud.doc

## THE AMERICAN INSTITUTE OF ARCHITECTS



*AIA Document A311*

# Performance Bond

**KNOW ALL MEN BY THESE PRESENTS, that**

Restoration Specialists, Inc., Associates, 17400 Sunset Trail, S.W., Prior Lake, MN 55372

as Principal, hereinafter called Contractor, and

Western Surety Company, 101 Phillips Avenue South, Sioux Falls, SD 57104

as Surety, hereinafter called Surety, are held and firmly bound unto

The Metropolitan Council, 390 N. Robert Street, St. Paul, MN 55101

as Obligee, hereinafter called Owner, in the amount of

Five Hundred Fifty Four Thousand, Four Hundred Fifty Dollars, ($554,450.)

for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these present

WHEREAS, Restoration Specialists, Inc., Associates,

Contractor has by written agreement dated    May 23, 2014                          entered into a contract with
Owner for

Heywood Office Building Facade Renovations                          Project Number 89001

in accordance with Drawings and Specifications prepared by

LHB Corp., 701 Washington Ave., N., Suite 200, Minneapolis, MN

which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

AIA DOCUMENT A311   PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND - AIA
FEBRUARY 1970 ED – THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., NW. WASHINGTON, D.C. 20006

## PERFORMANCE BOND

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract then this obligation shall be null and void; otherwise I shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having preformed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

1) Complete the Contract in accordance with its terms and condition, or

2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or if the owner elects, upon determination by the Owner and the Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as work progresses (even though there should be a default or a succession of defaults under the contract or contracts of

completion arranged under this paragraph) sufficient funds to pay the cost of

Completion less the balance of the contract price; but not exceeding, including others costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or the the use of any person or corporation others than the Owner named herein or the heirs, executors, administrators or successors of the Owner.

## BOND PREMIUM BASED ON
## FINAL CONTRACT PRICE

Signed and sealed this 27th day of May, 2014

_____ (Witness)

Loraine M. Schweich _____
(Principal)                                    (Seal)

President

(Title)

Dale E. Clark _____
(Surety)                                    (Seal)

_____ Mary White
(Witness)

Attorney In Fact

(Title)

AIA DOCUMENT A311 – PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND - AIA;
FEBRUARY 1970 ED – THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., NW, WASHINGTON, D.C. 20006



# Western Surety Company

## POWER OF ATTORNEY - CERTIFIED COPY

Bond No. ___291756802___

Know All Men By These Present, that WESTERN SURETY COMPANY, a corporation duly organized and existing under the laws of the State of South Dakota, and having its principal office in Sioux Falls, South Dakota (the "Company"), does by these presents make, constitute and appoint Dale E. Clark, Brian A.Clark, Robert A. Jacobson, Diane Gibson, Wendy M. Lands, Heidi S. Skienziel, Johanna McMasters and Marie E. Zaccaro-Duyk its true and lawful attorneys in-fact, with full power and authority hereby conferred, to execute, acknowledge and deliver for and on its behalf as Surety, any surety or fidelity bond in an unlimited amount, and to bind the Company thereby as fully and to the same extent as if such bond were signed by the President, sealed with the corporate seal of the Company and duly attested by its Secretary, hereby ratifying and confirming all that the said attorneys-in-fact may do within the above stated limitations. Said appointment is made under and by authority of the following bylaw of Western Surety Company which remains in full force and effect.

"Section 7 All bonds, polices, undertakings, Powers of Attorney or other obligations of the corporation shall be executed in the corporate name of the Company by the President, secretary, any Assistant Secretary, Treasurer or any Vice President or by such others officers as the Board of Directors may authorize. The President, any Vice President, Secretary any Assistant Secretary or the Treasurer may appoint Attorneys in fact or agents who shall have authority to issue bonds, policies or undertakings in the name of the Company. The corporate seal is not necessary for the validity of any bonds, policies, undertakings, Powers of Attorney or others obligation of the corporation. The signature of any such officer and the corporate seal may be printed by facsimile."

The penal amount of the bond herein described may be increased if there is attached to this Power, written authority so authorizing in the form of an endorsement, letter or telegram signed by the Senior Underwriting Officer, Underwriting Officer, President, Vice President, Assistant Vice president, Treasurer, Secretary, or Assistant Secretary of Western Surety company specifically authorizing said increase.

In witness whereof, Western Surety Company has caused these presents to be signed by its Senior Vice President, Paul T. Bruflat and its corporate seal to be affixed this ___27th___ day of ___May, 2014___

WESTERN SURETY COMPANY

*Paul T Bruflat*

Paul T. Bruflat, Senior Vice President

STATE OF SOUTH DAKOTA } SS
COUNTY OF MINNEHAHA

On this ___27th___ day of ___May___, in the year ___2014___, before me, a notary public, personally appeared Paul T. Bruflat, who being to me duly sworn, acknowledged that he signed the above power of Attorney as the aforesaid officer of WESTERN SURETY COMPANY and acknowledged said instrument to be the voluntary act and deed of said corporation.

D. KRELL
NOTARY PUBLIC
SEAL    SOUTH DAKOTA    SEAL

*D. Krell*

Notary Public - South Dakota

My Commission Expires November 30, 2015

I the undersigned officer of Western Surety Company, a stock corporation of the State of South Dakota, do hereby certify that the attached Power of Attorney is in full force and effect and is irrevocable and furthermore, that section 7 of the bylaws of the company as set forth in the Power of Attorney is now

in force.

In testimony whereof, I have hereunto set my hand and seal of Western Surety Company this ___27th___

day of ___May, 2014___

WESTERN SURETY COMPANY

*Paul T Bruflat*

Paul T. Bruflat, Senior Vice President

From F3525

# THE AMERICAN INSTITUTE OF ARCHITECTS



*AIA Document A311*

## Labor and Material Payment Bond

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS, that

Restoration Specialists, Inc., Associates, 17400 Sunset Trail, S.W., Prior Lake, MN 55372

as Principal, hereinafter called the Principal, and

Western Surety Company, 101 Phillips Avenue South, Sioux Falls, SD 57104

as Surety, hereinafter called Surety, are held and firmly bound unto

The Metropolitan Council, 390 N. Robert Street, St. Paul, MN 55101

as Obligee, hereinafter called Owner, for the use and benefit of claimants as herein below defined, in the amount of

Five Hundred Fifty Four Thousand, Four Hundred Fifty Dollars, ($554,450.)

for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally,

WHEREAS, Restoration Specialists, Inc., Associates

Principal was by written agreement dated   May 23, 2014                    entered into a contract with
Owner for

Heywood Office Building Facade Renovations                    Project Number 69001

in accordance with Drawings and Specifications prepared by

LHB Corp. 701 Washington Ave., N., Suite 200, Minneapolis, MN

which contract is by reference made a part, hereof, and is hereinafter referred to as the Contract.

AIA DOCUMENT A311 – PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND - AIA ®
FEBRUARY 1970 ED – THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., NW. WASHINGTON, D.C. 20006

# LABOR AND MATERIAL PAYMENT BOND

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly make payment to all claimants as hereinafter defined, for all labour and material used or reasonable required for use in the performance of the contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the principal for labor, Material, or both used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil gasoline, telephone service or rental equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the owner that every claimant as herein defined, who has not been paid in fully before the expiration of a period of ninety (90) days after the date on which the last of such claimants work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: the Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the

amount claimed and the same name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall b served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the principal, owner or surety, at any place where an office is regularly maintained for the transaction of business. Or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer.

b) After the expiration of one (1) tear following the date on which principal cease work on said contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Others than in a state court competent jurisdiction in and for the country or other political subdivision of the state in which the project, or any part thereof , is situated , and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payment made  in good faith hereunder inclusive of the payment by surety or mechanic's liens, which may be filed or record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this ___ 27th day of May, 2014

(Witness)

_Mary White_

(Witness)

Loraine M. Schwelch

(Principal)                    (Seal)

President

(Title)

Dale E. Clark

(Surety)                    (Seal)

Attorney In Fact

(Title)

AIA DOCUMENT A311 – PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND - MA X
FEBRUARY 1970 ED – THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., NW, WASHINGTON, D.C. 20006



# Western Surety Company

### POWER OF ATTORNEY - CERTIFIED COPY

Bond No. _____291756802_____

Know All Men By These Present, that WESTERN SURETY COMPANY, a corporation duly organized and existing under the laws of the State of South Dakota, and having its principal office in Sioux Falls, South Dakota (the "Company"), does by these presents make, constitute and appoint Dale E. Clark, Brian A.Clark, Robert A. Jacobson, Diane Gibson, Wendy M. Lands, Heidi S. Sidendal, Johanna McMasters and Maria E. Zaccaro-Duyk its true and lawful attorneys in-fact, with full power and authority hereby conferred, to execute, acknowledge and deliver for and on its behalf as Surety, any surety or fidelity bond in an unlimited amount, and to bind the Company thereby as fully and to the same extent as if such bond were signed by the President, sealed with the corporate seal of the Company and duly attested by its Secretary, hereby ratifying and confirming all that the said attorneys-in-fact may do within the above stated limitations. Said appointment is made under and by authority of the following bylaw of Western Surety Company which remains in full force and effect.

"Section 7 All bonds, polices, undertakings, Powers of Attorney or other obligations of the corporation shall be executed in the corporate name of the Company by the President, secretary, any Assistant Secretary, Treasurer or any Vice President or by such others officers as the Board of Directors may authorize. The President, any Vice President, Secretary any Assistant Secretary or the Treasurer may appoint Attorneys in fact or agents who shall have authority to issue bonds, policies or undertakings in the name of the Company. The corporate seal is not necessary for the validity of any bonds, policies, undertakings, Powers of Attorney or others obligation of the corporation. The signature of any such officer and the corporate seal may be printed by facsimile."

The penal amount of the bond herein described may be increased if there is attached to this Power, written authority so authorizing in the form of an endorsement, letter or telegram signed by the Senior Underwriting Officer, Underwriting Officer, President, Vice President, Assistant Vice president, Treasurer, Secretary, or Assistant Secretary of Western Surety company specifically authorizing said increase.

In witness whereof, Western Surety Company has caused these presents to be signed by its Senior Vice President, Paul T. Bruflat and its corporate seal to be affixed this _27th_ day of _____May, 2014_____.

WESTERN SURETY COMPANY

Paul T. Bruflat, Senior Vice President

STATE OF SOUTH DAKOTA
COUNTY OF MINNEHAHA      } SS

On this _27th_ day of _____May_____, in the year _2014_, before me, a notary public, personally appeared Paul T. Bruflat, who being to me duly sworn, acknowledged that he signed the above power of Attorney as the aforesaid officer of WESTERN SURETY COMPANY and acknowledged said instrument to be the voluntary act and deed of said corporation.

D. KRELL
NOTARY PUBLIC
SEAL   SOUTH DAKOTA   SEAL

D. Krell
Notary Public - South Dakota

My Commission Expires November 30, 2015

I the undersigned officer of Western Surety Company, a stock corporation of the State of South Dakota, do hereby certify that the attached Power of Attorney is in full force and effect and is irrevocable and furthermore, that section 7 of the bylaws of the company as set forth in the Power of Attorney is now

In force.
In testimony whereof, I have hereunto set my hand and seal of Western Surety Company this _27th_

day of _____May, 2014_____

WESTERN SURETY COMPANY

Paul T. Bruflat, Senior Vice President

From F3525

<u>VERIFICATION</u>

     I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.


Executed on: March 5, 2015          Signed:  <u>s/Michael R. Fadlovich</u>
                                   MICHAEL R. FADLOVICH
                                   Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

                                   Chapter 11

RSI ASSOCIATES, INC.                          BKY 15-30533

                    Debtor.

_____

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONVERT OR DISMISS

_____

The United States Trustee, by the undersigned attorney, submits this memorandum in support of the motion to dismiss this case or convert it to a Chapter 7 case.

A proceeding to dismiss a case or convert a case to another chapter is governed by 11 U.S.C. §1112 and FED R. BANKR. P. 9014.   A request for dismissal or conversion of a case shall be made by motion.   A motion to dismiss or a motion to convert a case shall be deemed a motion either to dismiss or to convert, whichever is in the best interest of creditors and the estate. Local. R. Bankr. P. 1017-2.    A case may be converted to a Chapter 7 case if the debtor may be a debtor under Chapter 7.    11 U.S.C. §1112(f).

Under 11 U.S.C. §1112(b), the   specific requirements for the conversion or dismissal of a chapter 11 case are set forth.   That section provides that cause includes the following:

(4) for purposes of this subsection, the term "cause" includes
    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
    (B) gross mismanagement of the estate;
    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
    (E) failure to comply with an order of the court;
    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this    title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee . . . .

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court,

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144 ;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligations that first becomes payable after the date of the filing of the petition.

11 U.S.C. §1112(b).

Cause for conversion or dismissal is not limited to the reasons expressed in §§ 1112(b), (e).

11 U.S.C. 102(3); Moody v. Security Pac. Business Credit, Inc., 85 B.R. 319, 352-53 (W.D. Pa.

1988).   In this case, cause is based on the debtor's gross mismanagement in obtaining fraudulent

bonds prepetition, as well as its inability to propose a plan or otherwise meet its fiduciary duties.

"The purpose of §1112(b) is to preserve estate assets by preventing the debtor in

possession from gambling on the enterprise at the creditors' expense when there is no hope of

rehabilitation."   Loop v. U.S. Trustee, 379 F.3d 511, 515 (8th Cir 2004), citing In re Lizeric Realty

Corp, 188 B.R. 499, 503 (Bankr. S.D. N.Y 1995).     The parties to a case are entitled to rely on

facts established in the record in making a case for conversion or dismissal under §1112(b). Loop,

at 518.

### Expedited Motion

The court can suspend any established local rule of bankruptcy procedure for good cause.

Loc. R. Bankr. P. 9021-1(b).   In addition, the court may enter any order appropriate to carry out

the provisions of title 11.   See 11 U.S.C. §105.     Such a deviation from the established rules of procedure is justified in the present case because of the ongoing problems arising from the apparent use by the debtor of a fraudulent performance bond, and the resulting prejudice to various governmental agencies and entities.   This matter needs to be heard immediately, otherwise there are substantial risks that parties contracting with the debtor, including subcontractors and governmental agencies, will be at risk of substantial and unnecessary loss.

     Motions for expedited relief are contemplated under Local Rule 9006-1(d).   The efforts made to serve parties are as set forth in the U.S. Trustee's verified motion.     The parties served are those required to be served by Local Rule 9013-1(a).     They include all parties who have filed requests for notice under Fed. R. Bankr. P. 2002.     Notice to parties who have an interest in the outcome of this case is adequate to give these parties ample notice of this hearing and ample opportunity to respond.

     It appears all of the debtor's customers have lost confidence in current management of the Debtor and its ability to perform as a contractor for the benefit of the public.   The Debtor has lost all of its work and its ability to conduct business based on the apparent fraudulent nature of its performance bonds.     It has no work now and had no prospect of work in the future.   As a result, no purpose can be served by remaining under chapter 11.   Remaining under chapter 11 and incurring unnecessary administrative expenses when there is little likelihood of rehabilitation is cause for conversion.     Consequently, cause exists for an expedited hearing and for an order to immediately dismiss the case or convert it to chapter 7 or to dismiss the case.

                               Respectfully submitted,
                               DANIEL M. McDERMOTT
                               United States Trustee

Dated   March 5, 2015          By      s/Michael R. Fadlovich
                               MICHAEL R. FADLOVICH

Trial Attorney
MN Attorney I.D. No. 158410
U.S. Trustee's Office
1015 U.S. Courthouse
Minneapolis, MN     55415
(612) 334-1350

## <u>CERTIFICATE OF SERVICE</u>

In re:

                                        Chapter 11

RSI ASSOCIATES, INC.                         BKY 15-30533

                              Debtor.

The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers.   That on March 5, 2015, he caused to be served a copy of the attached: United States Trustee's Expedited Motion to Convert Case to Chapter 7 or to Dismiss case, with supporting Memorandum, Proposed Orders, and Certificate of Service, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

RSI Associates, Inc.                           Lynn J.D. Wartchow  (also by email
17400 Sunset Trail SW                    notification)
Prior Lake, MN 55372                    Wartchow Law Office, LLC
                                               5200 Wilson Road, Suite 150
                                               Edina, MN 55424

Other creditors on the full service list, as attached, were also served by the undersigned.

                                       **By:**    **e/**Michael R. Fadlovich_____
                                              Michael R. Fadlovich
                                              Trial Attorney
                                              MN Atty I.D. No. 158410
                                              U.S. Trustee's Office
                                              300 South Fourth St., #1015
                                              Minneapolis, MN   55415
                                              (612) 334-1350

Label Matrix for local noticing
0864-3
Case 15-30533
District of Minnesota
St Paul
Wed Mar  4 15:00:16 CST 2015

RSI Associates, Inc.
17400 Sunset Trail SW
Prior Lake, MN 55372-2753

St Paul
200 Warren E Burger Federal Building and
US Courthouse
316 N Robert St
St Paul, MN 55101-1465

AFFILIATED CREDIT SERVICES
ATTN: REF. NO. 11336728
PO BOX 7739
ROCHESTER, MN  55903-7739

AQUA ENGINEERING INC.
6561  CITY WEST PARKWAY
EDEN PRAIRIE, MN 55344-3248

ARMSTRONG CRANE AND RIGGING
717 1ST STREET SW
NEW BRIGHTON, MN 55112-7751

ARMSTRONG CRANE AND RIGGING CORP.
717 ST STREET S.W.
NEW BRIGHTON, MN 55112

American Artstone
2025 N. Broadway
PO Box 425
New Ulm, MN 56073-0425

CATERPILLAR FINANCIAL SERVICES CORP.
PO BOX 730669
DALLAS, TX  75373-0669

CEMSTONE
2025 CENTER POINT BLVD., STE. 300
MENDOTA HEIGHTS, MN 55120-1221

CITY OF HASTINGS ENGINEERING DEPT.
ATTN: NICK EGGER
101 4TH STREET EAST
HASTINGS, MN 55033-1944

EBS EXTERIOR BUILDING SERVICES
140 W. 98TH STREET, SUITE 100
BLOOMINGTON, MN 55420-4800

ESS Brothers and Sons Inc.
9350 Co. Rd. 19
Corcoran/Loretto, MN 55357-4613

Gabriel Law Office
Riverwood Place, Suite 114
880 Sibley Memorial Hwy.
Mendota Heights, MN 55118-1736

HERCULIFT INC
5655 W HWY 12
PO BOX 69
MAPLE PLAIN, MN 55359-0069

HIGH VOLTAGE SERVICE
4751 MUSTANG CIRCLE
ST. PAUL, MN 55112-1554

ICI INNOVATIVE CONCRETE INC.
4266 W. 126TH STREET
SAVAGE, MN 55378-1420

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

METRO TRANSIT
ATTN LARRY KLEIN/JIM HARWOOD
HEYWOOD OFFICE BLDG 560 6TH AVE N
MINNEAPOLIS MN  55411

MINNKOTA ARCHITECTURAL PRODUCTS
6845 20TH AVE., UNIT 150
ST. PAUL, MN 55038-7761

MN VALLEY TRANSIT AUTHORITY
ATTN: GREG BROWN
11550 RUPP DR
BURNSVILLE MN 55337-4887

NORTHERN STATES POWER D/B/A XCEL ENERGY
PO BOX 9477
MINNEAPOLIS, MN 55484-0001

RYAN ELECTRIC
3010 LUNAR LANE
EAGAN, MN 55121-2218

SAFWAY SERVICES, LLC
1994 WEST COUNTY ROAD C
ROSEVILLE, MN 55113-1321

SCOTT COUNTY HWY DEPT.
ATTN: JAKE BALK
600 COUNTY TRAIL EAST
JORDAN, MN 55352-9000

SRC Sullivan Riehm Construction LLC
2211 Co. Rd. C2 W.
Roseville, MN 55113-1009

THOMPSON LIGHTNING PROTECTION
901 SIBLEY MEMORIAL HWY
ST. PAUL, MN 55118-1792

UNITED RENTAL
BRANCH 844
555 HARDMAN AVE.
SO. ST. PAUL, MN 55075-2413

UNITED RENTALS
ATTN RHONDA SIMS
6125 LAKEVIEW RD #300
CHARLOTTE NC 28269-2616

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

```
VEIT DISPOSAL SYSTEMS  METRO          VETTER STONE COMPANY           VIKING INDUSTRIAL CENTER
14000 VEIT PLACE                      PO BOX 38                      710 RAYMOND AVE.
ROGERS, MN 55374-9583                 KASOTA, MN 56050-0038          ST. PAUL, MN 55114-1710




Versa-Lok                             WAGNER FALCONER & JUDD LTD      Lynn J.D. Wartchow
6348 Hwy. 36 Blvd. N.                 ATTN: DANIEL REICH             Wartchow Law Office, LLC
Oakdale, MN 55128-1407                325 N CORPORATE DR STE 100     5200 Willson Road, Suite 150
                                      BROOKFIELD, WI  53045-5828     Edina, MN 55424-1300




End of Label Matrix
Mailable recipients   35
Bypassed recipients    0
Total                 35
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

Chapter 11

RSI ASSOCIATES, INC.                                    BKY 15-30533

Debtor.

---

### O R D E R

---

This chapter 11 cases came before the court on the motion of the United States Trustee seeking an order dismissing or converting the case to one under chapter 7.     Appearances were as noted in the record.

Based upon the motion filed by the U.S. Trustee, any findings of the court on the record, and all of the files, records and proceedings herein, it is hereby ORDERED:

1.   The U.S. Trustee's request for an expedited hearing is granted.

2.   The chapter 11 case of RSI Associates, Inc. is hereby converted to chapter 7.


_____
GREGORY F. KISHEL
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

                          Chapter 11

RSI ASSOCIATES, INC.                      BKY 15-30533

                    Debtor.

_____

## O R D E R

_____

This chapter 11 cases came before the court on the motion of the United States Trustee

seeking an order dismissing or converting the case to one under chapter 7.    Appearances were

as noted in the record.

Based upon the motion filed by the U.S. Trustee, any findings of the court on the record,

and all of the files, records and proceedings herein, it is hereby ORDERED:

1.   The U.S. Trustee's request for an expedited hearing is granted.

2.   The chapter 11 case of RSI Associates, Inc. is hereby dismissed.


                              _____
                              GREGORY F. KISHEL
                              Chief United States Bankruptcy Judge